IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

State ex rel. THOMAS D. STANTON,

                            ORDER

        Plaintiff,

                          08-cv-492-bbc

    v.

ALFONSO GRAHAM, Chairman, Wisconsin
Parole Commission; WILLIAM RANKIN,
WI-Compact Administrator; QUALA CHAMPANGE,
WI/DCC Administrator; PETER F. MANNENBACH,
Attorney; DAVID R. BRAITHWAITE, Administrative
Law Judge, WI-Division of Hearings and Appeals;
KENNETH L. LUND, Attorney Manager, WI-Public
Defender's Office, Appellate Division; BRENT BOEHLKE,
Parole Agent; JOE LONGUEVILLE, Supervisor, MN-Probation
and Parole; ROSE ANN BISCH, MN-Deputy Compact
Administrator; AMY LANG, Compact Specialist, Minnesota
Department of Corrections; and INTERSTATE COMMISSION
FOR ADULT OFFENDER SUPERVISION, Lexington, KY,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendant Joe Longueville removed this civil action to this court on August 21, 2008, alleging that the case belongs in federal court because plaintiff's complaint includes claims that defendants denied him his constitutional rights to equal protection and due process of law in violation of the Fourteenth Amendment and also violated his rights under the

1

Interstate Compact for Adult Offender Supervision. On August 28, 2008, defendant Interstate Commission for Adult Offender Supervision moved to dismiss plaintiff's complaint on the grounds that plaintiff has neither a constitutional entitlement to the relief he seeks from it nor standing to bring a private enforcement action under the terms of the interstate compact. Also on August 28, 2008, defendant Longueville moved to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). In support of his Rule 12(b)(6) motion, defendant Longueville filed an affidavit and exhibits which, if considered, requires that the motion be converted to one for summary judgment pursuant to Fed. R. Civ. P. 12(d). In an apparent oversight, a briefing schedule was set on defendant Longueville's motion to dismiss as well as on the Interstate Commission's motion to dismiss. Now defendants Rose Ann Bisch and Amy Lang have filed their own motion to dismiss, contending that 1) this court lacks personal jurisdiction over them; 2) plaintiff cannot recover money damages against them in their official capacities; 3) no private right of action exists under the compact; and 4) plaintiff's allegations against them fail to state a claim upon which relief may be granted. Rather than set briefing on this motion, I have determined from a close review of the notice of removal and of plaintiff's complaint that all proceedings in this case must be stayed.

First, pursuant to 28 U.S.C. §1446(c)(4), a district court is to examine a notice of

removal and determine whether it appears from its face and any exhibits attached thereto that an order for summary remand must be issued. In this case, defendant Longueville's notice of removal does not include any explanation why the other defendants did not join in the removal, as required by Northern Illinois Gas v. Airco Industrial Gases, 676 F.2d 270, 273 (7th Cir. 1982) (removal petition filed by fewer than all named defendants defective where no explanation for absence of codefendants). Therefore, I will allow defendant Longueville a short period of time within which to perfect his notice of removal to include the required explanation.

Second, in his complaint, plaintiff alleges that he is currently "confined on parole" at a halfway house in Janesville, Wisconsin. Prisoners confined to halfway houses are subject to the 1996 Prison Litigation Reform Act. Witzke v. Femal, 376 F.3d 744, 753 (7th Cir. 2004) (halfway house is a "correctional facility" for the purpose of 42 U.S.C. § 1997e(c)). Therefore, if the case has been properly removed, the Prison Litigation Reform Act's requirements will apply to plaintiff's lawsuit. This means that the court must screen the merits of plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismiss any aspect of the complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief.

ORDER

IT IS ORDERED that

1) defendant Longueville may have until September 9, 2008, in which to submit an amended notice of removal in which he explains why the other defendants in this case did not join in the notice of removal;

2) the briefing schedules established on the motions to dismiss filed by defendants Longueville and Interstate Commission for Adult Offender Supervision are RESCINDED; and

3) all proceedings in this case are STAYED pending defendant Longueville's filing of an amended petition for removal and, assuming the amended petition satisfies the removal procedures set out in 28 U.S.C. § 1446(a), pending screening of plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

Entered this 3rd day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4